UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NATE MYERS,

                         Plaintiff,                              DECISION & ORDER

                                                                 09-CV-6642P

              v.

MS. COLLEEN DOLAC, Nurse, ECHC, et al.,

                         Defendants.

_____


              Plaintiff Nathaniel Myers ("Myers") has filed a *pro se* complaint pursuant to 42

U.S.C. § 1983, alleging that defendants have violated his constitutional rights by deliberately

ignoring his serious medical needs, disclosing private medical information and tampering with

his legal mail.  (Docket ## 1, 6, 8).  Currently pending before this Court are several motions by

the parties.  First, Myers has filed an unopposed motion to amend his complaint.  (Docket # 33).

Defendants also have moved to extend the discovery deadline, and both parties have filed

motions to compel.  (Docket ## 41, 42, 45).  I address each one in turn below.


I.  **Motion to Amend**

              On October 19, 2010, this Court entered a scheduling order setting March 1, 2011

as the deadline for filing motions to amend the pleadings or join parties.  (Docket # 15).  Myers

filed the instant motion to amend his complaint on February 28, 2011.[1]  (Docket # 33).

---

[1]  In addition, Myers filed a motion to seal the medical records and proposed amended complaint attached
to his motion to amend.  (Docket # 34).  Those documents have been sealed.  Accordingly, Myers's motion is now
moot.

Defendants do not oppose the motion.  (Docket # 41 at ¶ 11).  Indeed, defendants have indicated their intent to conduct further discovery in the event that Myers is permitted to amend his complaint.  (*Id*.).

Myers's complaint alleges that nurse Colleen Dolac at the Erie County Holding Center ("ECHC") unconstitutionally disclosed his serious medical condition[2] and then denied him treatment for that medical condition.  (Docket ## 6, 8).  In addition, Myers alleged that defendants Timothy Howard and Robert Koch unconstitutionally tampered with his legal mail. (*Id*.).

In the proposed amended complaint, Myers seeks to add defendants Michael Reardon, ECHC's grievance coordinator; John A. Anthony, ECHC's Deputy Chief; and two John Doe defendants – Nurse Dolac's supervisor and a lieutenant at the Erie County Holding Center who Myers alleges found him guilty on disciplinary charges and compelled him to resolve a grievance in order to be released from "keeplock" status.  (Docket # 33-1 at ¶¶ 5, 63).  Myers also asserts a new claim that defendants failed to protect him from another inmate who bit him and thereby transmitted a communicable disease to him.  (*Id*. at ¶¶ 46-52).  In addition, Myers asserts that defendants Reardon, Anthony and Koch denied him due process by preventing him from filing grievances.  (*Id*. at ¶¶ 61-65).

Under Rule 15(a) of the Federal Rules of Civil Procedure, once the time for amending a pleading as of right has expired, a party may request leave of the court to amend, which "[t]he court should freely give when justice so requires."  Fed. R. Civ. P. 15(a)(2).  If the

---

[2]  Although the pending complaint describes his medical condition, Myers's proposed amended complaint and related medical records have been sealed at his request.  In the interests of Myers's privacy, this Court sees no need to reveal Myers's condition in connection with the pending motions.

underlying facts or circumstances relied upon by the party seeking leave to amend may be a proper subject of relief, the party should be afforded the opportunity to test the claim on its merits.  *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank and Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'"  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

While the court retains discretion to grant or deny leave to amend under Rule 15(a), "[the] outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."  *Id.*; *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) (*per curiam*); *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 46 (2d Cir. 1983).

If the amendment proposed by the moving party is futile, however, "it is not an abuse of discretion to deny leave to amend."  *Ruffolo v. Oppenheimer & Co.*, 987 F.2d at 131.  "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)."  *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002).  To avoid dismissal, the proposed amended claim must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

3

When a party seeks to amend a complaint to add more defendants, a court must also consider Rule 20(a) of the Federal Rules of Civil Procedure. Rule 20(a) permits the inclusion of additional defendants if "any right to relief is asserted against them jointly, severally, or . . . with respect to . . . the same transaction, occurrence or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Courts have interpreted the requirements of Rule 20(a) liberally so as to promote judicial economy and to allow related claims to be tried within a single proceeding. *See*, *e.g.*, *Barr Rubber Prods. Co. v. Sun Rubber Co.*, 425 F.2d 1114, 1127 (2d Cir.) (Rule 20 "specifically vests in the district court the discretionary power to make such orders as may be required to prevent delay or prejudice"), *cert. denied*, 400 U.S. 878 (1970); *Liegey v. Ellen Figg, Inc.*, 2003 WL 21361724, *3 (S.D.N.Y. 2003) ("requirements of Rule 20(a) should be interpreted liberally"); *Kovian v. Fulton Cnty. Nat'l Bank and Trust Co.*, 1990 WL 36809, *9 (N.D.N.Y. 1990) ("there is no rigid rule as to what constitutes the same series of transactions or occurrences"); *City of New York v. Joseph L. Balkan, Inc.*, 656 F. Supp. 536, 549 (E.D.N.Y. 1987) (requirements of Rule 20 are to be "liberally interpreted") (citations omitted).

Defendants do not oppose Myers's motion to amend. Considering counsel's represented desire to conduct further discovery if the Court permits amendment, defendants have apparently made a strategic decision to pursue some discovery before seeking dismissal or summary judgment. (*See* Docket # 41). Upon review, I find that Myers's proposed amendments are sufficiently related to the current action to justify inclusion. In addition, I find that his claims are not obviously futile.[3]

---

[3] Myers's new claim that defendants failed to protect him from another inmate who bit him is sparsely pled, and this decision should not be read to imply any view whether such claim would survive a dispositive motion following discovery. Failure to protect claims under Section 1983 require a showing that "prison officials acted with

Accordingly, considering that the initial complaint satisfied the criteria of 28 U.S.C. §§ 1915(e) and 1915A, the lack of opposition to Myers's motion to amend, and in view of the presumption that leave to amend be "freely given," Fed. R. Civ. P. 15(a), I find that the underlying facts and circumstances relied upon by Myers are a proper subject of relief, and he therefore should be afforded the opportunity to test such claims on the merits. *See United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank and Trust Co. of Chi.*, 889 F.2d at 1254. For these reasons, Myers's motion to amend his complaint is granted.

## II.  Discovery Motions

### A.  Motion for Sanctions

Also pending is a motion by Myers for sanctions against defendants for failing to seal medical records they filed with this Court in response to his discovery request.[4] (Docket # 25).  Defendants have affirmed that they were not aware prior to filing that Myers wished to seal his records, although Myers has pointed out that his discovery request reminded defendants that "reasonable precautions should be taken to seal from disclosure any and all medical information/documents." (*See* Docket ## 17 at ¶ 13; 30 at ¶ 6).  This Court has now sealed those records at Myers's request. (Docket # 26).  I find no justification to impose sanctions, and Myers's motion is accordingly denied.

_____

deliberate indifference to a 'substantial risk of serious harm' to the inmate." *Shell v. Brun*, 585 F. Supp. 2d 465, 469 (W.D.N.Y. 2008) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).  Myers has not alleged that defendants were aware that he was at risk.  In light of defendants' lack of opposition to the motion to amend and because of the possibility that Myers may uncover evidence in discovery supporting his claim, however, the claim may proceed at this stage.

[4]  Local Rule 5.2 requires that discovery in *pro se* actions be filed with the Court.

5

### B.  **Motion to Extend Discovery**

The deadline for completing discovery was June 1, 2011.  (Docket # 15).  On May 18, 2011, defendants moved for a ninety-day extension to that deadline, citing the need to conduct additional discovery because of Myers's proposed amended complaint.  (Docket # 41). Myers opposes the extension on the basis that defendants have not acted diligently.[5]  (Docket # 46).  Defendants, however, have deposed Myers and served interrogatories and requests for production.  (Docket # 41 at ¶¶ 10, 12).  Defendants also seek permission to redepose Myers in the event he is permitted to file and serve his proposed amended complaint.  (*Id*. at ¶ 15).

Rule 16(b) of the Federal Rules of Civil Procedure provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4). Myers's objection to defendants' motion notwithstanding, defendants have acted with sufficient diligence to demonstrate good cause for an extension of the discovery deadline.  Accordingly, defendants' motion for an extension of time is granted.  An amended scheduling order will issue separately.  In addition, defendants' motion for leave to redepose Myers is granted; however, the subject matter of that deposition shall be limited to the new claims and new defendants.

### C.  **Myers's Motion to Compel**

I first address the issues raised in Myers's motion that are now moot.  First, Myers contends that defendants did not make initial disclosures as required under Rule 26 of the Federal Rules of Civil Procedure.  (Docket # 42 at ¶ 9).  The docket reveals, however, that defendants

---

[5]  Myers has also moved to strike defendants' reply affidavit and memorandum of law on the grounds that they were not filed by the same attorney who filed the initial motion.  (Docket # 56).  All counsel who have filed documents in this action have appropriately filed notices of appearance with this Court.  Further, in its motion scheduling order, this Court permitted defendants the opportunity to reply.  (Docket # 47).  Accordingly, Myers's motion to strike is denied.

filed their disclosures with the Court on January 10, 2011, and defendants have certified that they served Myers with a second copy of those disclosures on June 24, 2011.  (Docket ## 29; 53 at ¶ 15).  In addition, Myers seeks a copy of his deposition transcript (Docket # 43 at ¶ 17), and defendants have responded that a copy was sent to him on May 25, 2011.  Thus, these requests may be denied as moot.

Further, Myers contends that defendants have omitted some medical records and grievances from their production.  (Docket # 43 at ¶ 11).  Defendants, however, affirm that they have produced all documents in their custody, possession and control.  (Docket # 53).  Thus, this Court cannot compel production of that which defendants do not possess.  Should Myers continue to believe that certain records are missing, he is directed to confer with counsel by identifying the records he believes were omitted.  He must do so in writing by no later than **October 24, 2011**.  Defendants are directed to respond by no later than **November 4, 2011**.  If the issue is not resolved, the parties may request a telephone conference with this Court.

Finally, Myers challenges the adequacy of defendants' responses to his requests for production.  (Docket # 43 at ¶ 11(A)).  Specifically, defendants objected to all of Myers's requests as vague, overbroad and unduly burdensome, but provided substantive responses to some.  (*See* Docket # 22).  Upon review of defendants' responses, I find that the following are inadequate.

First, defendants objected to Myers's Requests Nos. 6 and 8 which seek copies of any logbooks or notes regarding his incoming and outgoing mail during the period June 4 through June 14, 2010, and the identities of any ECHC employees who had access to his mail during that period.  (Docket # 22 at 5-6).  Because Myers has alleged that his legal mail was

improperly opened and tampered with during that time period, I find that the request seeks

relevant information.  Further, the time period is discrete and reasonable.  Accordingly,

defendants must supplement their response and provide copies of any logbooks that record mail

sent to or from Myers and any documents that identify any ECHC employees who had access to

or handled Myers's mail during that period.  If no responsive documents exist or have been

destroyed, defendants shall so state and explain the circumstances of the documents' destruction.

Second, Request No. 9 seeks information regarding where Myers was housed

between 2008 and 2010 and the identity of any inmates with whom he had "physical or verbal

contact" between October 10 and October 20, 2009.  (*Id*.).  Reading this request in conjunction

with his claims, the request, while plainly overbroad, may represent an attempt to identify the

inmate who allegedly bit Myers.  Accordingly, defendants shall be required to identify the

inmates with whom Myers was housed in the same cell block between October 10 and October

20, 2009.  Defendants shall supplement their responses to Requests Nos. 6, 8 and 9 by no later

than **November 4, 2011**.

The remainder of Myers's requests – specifically, Requests Nos. 2, 2A, 3, 5, 7, 10

and 11 – are vague, overbroad and do not appear to seek relevant, discoverable information.  (*See*

Docket # 22).  For example, Requests Nos. 2 and 10 seek the identities of "all medical

providers/employees, who s[aw], examined, tested, or had contact with" Myers during 2008

through 2010, and "all supervisory officials, agents, employees or actors, who pertain to

plaintiff's grievances, medical care, and mail issues."  (Docket # 22 at ¶¶ 2, 10).  Certainly, some

of the information Myers seeks through these overbroad requests is likely contained in the

medical and grievance records already provided.  Accordingly, Myers's motion to compel further

responses to those requests is denied, although he is free to serve more narrowly-tailored

requests.  Further, his motion for sanctions is denied.

### D.  **Defendants' Motion to Compel**

On May 10, 2011, defendants served interrogatories and requests for production.

(Docket ## 39, 40).  Because the discovery deadline was then set for June 1, 2011, these

discovery requests did not afford Myers thirty days to respond, as required by Rules 33 and 34 of

the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 33, 34.  On May 18, 2011, defendants filed

the motion to extend the discovery deadline addressed above.  (Docket # 41).  On May 24, 2011,

Myers objected to all of defendants' discovery requests on the grounds that they were untimely

served, vague, overbroad, unduly burdensome and intended to harass and annoy.  (Docket ## 43;

45, Ex. A).  Myers further moved for a protective order to prohibit defendants from conducting

any further discovery on the grounds that their discovery requests were not timely.  (Docket

# 42).  Defendants then filed the instant motion to compel on May 31, 2011.  (Docket # 45).

Defendants assert that "[i]n light of the date upon which defendants received plaintiff's discovery

responses in this matter, together with plaintiff's status as an incarcerated inmate, a timely good

faith effort to resolve this issue prior to the return date of this motion was impracticable."  (*Id*. at

¶ 17).

Although Myers is correct that defendants were untimely in serving their

discovery requests, this Court has granted defendants' request for an extension to the discovery

period.  In addition, this Court has reviewed defendants' discovery requests and has determined

that most seek relevant, discoverable information and are appropriately limited in scope, with the

exception of Interrogatories 8, 10-14 and 18-20 and Document Request 5, which are overbroad or

irrelevant; for example, certain of them seek information related to Myers's claimed disability and lost wages, including tax returns.  (*See* Docket # 45, Ex. A).  A review of Myers's complaint reveals that Myers is not claiming a disability or lost wages; thus, such requests appear irrelevant. Myers shall supplement his responses by no later than **November 4, 2011**.  Further, Myers's motion for a protective order is denied.

## **CONCLUSION**

For the reasons discussed above, Myers's motion for sanctions **(Docket # 25)** is **DENIED**.  Myers's motion to amend the complaint **(Docket # 33)** is **GRANTED**.  Myers's motion to seal **(Docket # 34)** is **DENIED as MOOT**.  Defendants' motion to extend the discovery deadline **(Docket # 41)** is **GRANTED**.  Myers's motion to compel and for a protective order **(Docket # 42)** is **GRANTED in PART** and **DENIED in PART**.  Defendants' motion to compel **(Docket # 45)** is **GRANTED in PART** and **DENIED in PART**.  Myers's motion to strike **(Docket # 56)** is **DENIED**.

This Court has undertaken to redact Myers's proposed amended complaint to remove any mention of his medical condition.  Specifically, portions of paragraphs 19, 20, 23, 34-40, 42, 42A, and 47-50 have been redacted.  The Clerk of the Court is directed to file under seal Myers's unredacted proposed amended complaint, and file the redacted version as his second amended complaint and, because Myers is proceeding in this action *in forma pauperis*, the Clerk of the Court is directed to cause the United States Marshal to serve copies of the Summons, unredacted second amended complaint, and this Order upon defendants Reardon and Anthony without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by

10

monetary award in the plaintiff's favor.  Service of the amended complaint on the defendants

who have already appeared in this action shall be made by the Clerk's mailing of a copy of the

unredacted amended complaint to the defendants' attorney of record.

As for the John Doe defendants, "[p]laintiffs, especially *pro se* incarcerated

plaintiffs, should be given an opportunity to identify . . . unknown defendants through

discovery."  *Brown v. Doe*, 1999 WL 893070, *2 (S.D.N.Y. 1999) (deferring defendants'

motions to dismiss until they have provided the requisite discovery information and materials to

the *pro se* prisoner litigant).  **Myers is directed to identify the "John Doe" defendants named**

**in the complaint through discovery as soon as possible, and then apply to the Court for an**

**order directing amendment of the caption and service on these defendants as soon as they**

**have been identified.**

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the

amended complaint.

**IT IS SO ORDERED.**

_s/Marian W. Payson_
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
September __29__, 2011